Olabisi v. Garland

BIA
Loprest, IJ
A043 355 830

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

DAVID OLUWADAMILOL OLABISI, AKA
OLUDAMOLA OLUBUNMI ONANUGA, AKA
NUGA ROBERT SAMUEL, AKA JOSEPH
SONNY DARLING, AKA DAVID O.
OLAEIS, AKA OLUBUNMI ONANUGA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

19-3650
NAC

FOR PETITIONER:          Rakhvir Dhanoa, Esq., New York, NY.

**FOR RESPONDENT:**                    Ethan P. Davis, Acting Assistant
                                       Attorney General;  Cindy S.
                                       Ferrier, Assistant Director; Sunah
                                       Lee, Trial Attorney, Office of
                                       Immigration Litigation, United
                                       States Department of Justice,
                                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner David Oluwadamilol Olabisi, a native and citizen of Nigeria, seeks review of an October 10, 2019, decision of the BIA affirming a July 17, 2018, decision of an Immigration Judge ("IJ") denying his motion to rescind his removal order and reopen removal proceedings.  *In re David Oluwadamilol Olabisi,* No. A043 355 830 (B.I.A. Oct. 10, 2019), *aff'g* No. A043 355 830 (Immig. Ct. N.Y. City July 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision denying Olabisi's motion because the BIA affirmed that decision without opinion.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).  We review the IJ's decision for abuse of discretion. *See Maghradze v. Gonzales*, 462 F.3d 150, 152–53

2

(2d Cir. 2006). We find no abuse of discretion in the IJ's conclusion that Olabisi failed to exercise due diligence in moving to rescind.

An order of removal entered in absentia "may be rescinded only . . . (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice." 8 U.S.C. § 1229a(b)(5). Olabisi's May 2018 motion was untimely because he filed it 11 months after the July 17, 2017, hearing at which he was ordered removed in absentia. Although equitable tolling may excuse a filing deadline if due diligence is shown, Olabisi conceded that he was aware of the in absentia order by August 2017, but did not explain why he waited until May 2018 to file his motion. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (holding that one requirement for equitable tolling in showing of due diligence). To the extend Olabisi asserts ineffective assistance of counsel, that claim is unexhausted and not subject to review in this Court because

3

he did not raise it in his motion to rescind or on appeal to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007); *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994).

Absent timely filing or equitable tolling, the only basis for Olabisi's motion was lack of notice. Notice is presumed where, as here, the record reflects that a hearing notice was served by mail to the correct address, here the attorney of record. *See* 8 U.S.C. § 1229a(b)(5); *Alrefae v. Chertoff*, 471 F.3d 353, 358–59 (2d Cir. 2006); *Matter of C-R-C-*, 24 I. & N. Dec. 677, 678–79 (B.I.A. 2008). Olabisi stated there was a miscommunication, but provided no further detail or explanation. Accordingly, the IJ did not abuse his discretion in finding that Olabisi failed to rebut the presumption of notice given the delay in filing the motion to rescind and Olabisi's lack of evidence or explanation to rebut the presumption of notice. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008) (providing non-exhaustive list of factors to consider, including noncitizen's actions upon learning of the in absentia order and whether he exercised due diligence in moving to rescind).

We lack jurisdiction to review the agency's "entirely discretionary" decision not to reopen sua sponte. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court

5